IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ALEXANDER J. HARDNETT,

   Petitioner,

v.                                                    Criminal Action No. **3:13CV497**

ED WILSON,

   Respondent.

## MEMORANDUM OPINION

Alexander J. Hardnett, a federal inmate proceeding *pro se*, submitted a 28 U.S.C. § 2241[1] petition. Following a bench trial, this Court convicted Hardnett of one count of conspiracy to possess with intent to distribute fifty grams or more of cocaine base and one count of distribution of cocaine and aiding and abetting such distribution. *See United States v. Hardnett*, 124 F. App'x 767, 767 (4th Cir. 2005). The Court ultimately sentenced Hardnett to 392 months of imprisonment. *See United States v. Hardnett*, 182 F. App'x 205, 205 (4th Cir. 2006). Thereafter, the Court denied a 28 U.S.C. § 2255 motion filed by Hardnett. *See United States v. Hardnett*, 520 F. App'x 223, 223 (4th Cir. 2013) (affirming the denial of the 28 U.S.C. § 2255 motion).

---

[1] That statute provides, in pertinent part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless—
> (1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
> (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
> (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .

28 U.S.C. § 2241(c)(1)–(3).

In his § 2241 Petition, Hardnett demands relief because "the judge did not find [the] drug amounts beyond a reasonable doubt.... The District Court Judge overruled Petitioner's objection and relied on the pre-sentence report." (§2241 Pet. 5.) Hardnett insists that, "[j]udicial fact finding that increases the mandatory minimum sentence to life for a crime [is] not permissible under the Sixth Amendment[2]." (*Id.* (citing *Alleyne v. United States*, 133 S. Ct. 2151 (2013).)[3] Hardnett demands to be resentenced. (*Id.* at 16.) For the reasons set forth below, the action will be DISMISSED FOR WANT OF JURISDICTION.

### A. Motions under 28 U.S.C. § 2255 Compared to Petitions under 28 U.S.C. § 2241

A motion pursuant to 28 U.S.C. § 2255 provides the primary means of collateral attack on the imposition of a federal conviction and sentence and must be filed with the sentencing court. *See Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000) (quoting *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990)). A federal inmate may not proceed under 28 U.S.C. § 2241 unless he or she demonstrates that the remedy afforded by 28 U.S.C. § 2255 "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).[4] For example, "attacks on the execution of a sentence are properly raised in a § 2241 petition." *In re*

---

[2] "In all criminal prosecutions, the accused shall enjoy the right... to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

[3] In *Alleyne*, the Supreme Court addressed a defendant's mandatory minimum sentence of seven years for brandishing a firearm under 18 U.S.C. § 924(c)(1)(A)(ii). *Alleyne*, 133 S. Ct. 2155–56. The Supreme Court held that, other than prior convictions, "facts that increase [statutory] mandatory minimum sentences must be submitted to the jury." *Id.* at 2163. Hardnett is less than clear as to why the decision in *Alleyne* entitles him to any relief.

[4] "This 'inadequate and ineffective' exception is known as the 'savings clause' to [the] limitations imposed by § 2255." *Wilson v. Wilson*, No. 1:11cv645 (TSE/TCB), 2012 WL 1245671, at *3 (E.D. Va. Apr. 12, 2012) (quoting *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000)).

*Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (citing *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996); *Hanahan v. Luther*, 693 F.2d 629, 632 n.1 (7th Cir. 1982)). Nevertheless, the United States Court of Appeals for the Fourth Circuit has emphasized that "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision or because an individual is procedurally barred from filing a § 2255 motion." *Id.* (citations omitted).

The Fourth Circuit has stressed that an inmate may proceed under § 2241 to challenge his conviction "in only very limited circumstances." *United States v. Poole*, 531 F.3d 263, 269 (4th Cir. 2008) (citation omitted) (internal quotation marks omitted). The "controlling test," *id.*, in the Fourth Circuit is as follows:

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner *was convicted is deemed not to be criminal*; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added). The Fourth Circuit formulated this test to provide a remedy for the "fundamental defect presented by a situation in which *an individual is incarcerated for conduct that is not criminal* but, through no fault of his [or her] own, [he or she] has no source of redress." *Id.* at 333 n.3 (emphasis added).

### B. Analysis of Hardnett's 28 U.S.C. § 2241 Petition

Hardnett fails to satisfy the second prong of *In re Jones*. *See id.* at 334. Specifically, Hardnett fails to demonstrate that "subsequent to [his] direct appeal and [his] first § 2255 motion, the substantive law changed such that the conduct of which [he] *was convicted is deemed not to*

3

*be criminal.*" *Id.* (emphasis added). The conduct of which Hardnett stands convicted, conspiracy to possess with intent to distribute fifty grams or more of cocaine base and distribution of cocaine, remains a crime. *See Mabry v. Wilson,* --- F. App'x ----, No. 14–6430, 2014 WL 3766729, at *1 (4th Cir. Aug. 1, 2014) (concluding the decision in *Alleyne* fails to provide a basis seeking relief under § 2241); *Alsop v. Chandler,* 551 F. App'x 217, 218–19 (5th Cir. 2014) (concluding the decision in *Alleyne* fails to provide a basis for challenging convictions for distribution of cocaine base and conspiracy to distribute cocaine base under § 2241). Moreover, "Fourth Circuit precedent has . . . not extended the reach of the savings clause to those petitioners challenging only their sentence." *Poole,* 531 F.3d at 267 n.7 (citing *In re Jones,* 226 F.3d at 333–34).

Accordingly, the Court will DISMISS Hardnett's 28 U.S.C. § 2241 Petition for want of jurisdiction.

An appropriate Order shall issue.

Date: 10-6-14
Richmond, Virginia

/s/
James R. Spencer
Senior U. S. District Judge